Appeal Form No. 2

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br>CHARLES MICHAEL COLBURN<br><br><br><br><br>_____ Debtor(s) | Chapter  7<br><br>Case No.  2:21-BK-05407 - MCW<br><br>Adv. No. |
| CHARLES MICHAEL COLBURN<br><br><br><br><br>_____ Appellant(s)<br>v.<br>MEDMEN ENTERPRISES, INC.<br>DAVID REAVES, CHAPTER 7 TRUSTEE<br>UNITED STATES TRUSTEES OFFICE<br>_____ Appellee(s) | **TRANSMITTAL OF APPEAL TO<br>DISTRICT COURT** |

TO:    CLERK, UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA

Transmitted herewith is:

A Notice of Appeal filed on 07/26/2022 , a copy of the order of judgment appealed, and the election of appellant to have appeal transferred to the District Court pursuant to 28 U.S.C. Section 158(c)(1).

The Notice of Appeal Filing Fee ☑ has been paid, ☐ has not been paid, or ☐ waived by order pursuant to 28 USC 1930(f).

Dated: July 27, 2022

GEORGE PRENTICE, CLERK OF COURT
U.S. BANKRUPTCY COURT

By:_M. RADICKE-STEVENSON_____
      Deputy Clerk

Copies to be mailed to attorneys for interested parties and pro se parties to the appeal by the BNC.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br>CHARLES MICHAEL COLBURN | Chapter   7<br><br>Case No.   2:21-BK-05407 - MCW<br><br>Adv. No. |
| Debtor(s) | |
| CHARLES MICHAEL COLBURN | |
| Appellant(s) | |
| MEDMEN ENTERPRISES, INC.<br>DAVID REAVES, CHAPTER 7 TRUSTEE<br>UNITED STATES TRUSTEES OFFICE | **NOTICE OF FILING OF APPEAL<br>AND NOTICE OF REFERRAL OF<br>APPEAL TO THE DISTRICT COURT** |
| Appellee(s) | |

YOU ARE HEREBY NOTIFIED that a Notice of Appeal has been filed on 07/26/2022   with the Clerk of the U.S. Bankruptcy Court.  The appellant has filed an election to have the appeal transferred to the District Court.  Pursuant to 28 USC Section 158(c), the Appeal is referred to the District Court.

NOTICE IS GIVEN TO THE APPELLANT that the appellant shall, within 14 days of the filing of the Notice of Appeal[1], file with the Clerk of the U.S. Bankruptcy Court, 230 N. 1st Ave, #101, Phoenix, Arizona, 85003 the following:

1.     A designation of the items to be included in the record on appeal and serve a copy upon the appellee;
2.     A statement of the issues to be presented and serve a copy upon the appellee; and
3.     A request for any transcripts where the designation includes a transcript of any proceeding or a part thereof.  The party requesting transcripts must follow the court's ordering procedures.

Dated:  July 27, 2022

GEORGE PRENTICE, CLERK OF COURT

By:  M. RADICKE-STEVENSON
_____
Deputy Clerk

Copies to be mailed to attorneys for parties and pro se parties to the appeal by the BNC

---

[1] FRBP 8006 provides that if a motion for leave to appeal was filed or timely motions under FRBP 8002(b), then the below listed items are due 14 days after filing the notice of appeal, entry of an order granting leave, or entry of an order disposing of FRBP 8002(b) motions, whichever is later.

# United States Bankruptcy Court
## District of Arizona

### APPEALS - ORDERING AN OFFICIAL TRANSCRIPT

If you have filed an appeal and designated a transcript of a hearing as part of the record on appeal, you will need to follow the steps below to obtain an official transcript:

1. Determine the date of the hearing.

2. Determine whether you need a transcript.

3. Determine if the transcript is already on file by reviewing the case docket or you may call the court for assistance.

4. Ordering a transcript requires an advanced deposit. The deposit and price for the transcript will vary as it depends upon the estimated length of the hearing and turn-around time requested.

5. To order a transcript, please contact the ECR Operator Team who will advise you of the procedures for ordering a transcript and for making payment.

6. The court uses an independent transcription company to prepare official transcripts.

7. At the time the transcription company provides you with a transcript, a copy is filed with the court; therefore, it is not necessary for you to file a copy.

8. Reminder: If you have designated a transcript of a Court proceeding in your Appeal documents, **it is your responsibility to order it** from the Bankruptcy Court ECR Operator Team. The order should be placed at the time you file the Statement of Issues and Designation of Record.


Contact Information:

ECR Operator Team – Phoenix, Prescott, Flagstaff, Bullhead City      602-682-4200
ECR Operator Team – Tucson                                          520-202-7556
ECR Operator Team – Yuma                                            602-682-4961

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

**<u>NOTICE TO PARTIES TO APPEAL TO DISTRICT COURT</u>**

Procedure when an appeal is transmitted to District Court:

1.      Upon receipt of an appeal from the Clerk of the Bankruptcy Court or from the Clerk of the Bankruptcy Appellate Panel, the appeal is assigned a civil case number in the District Court.  The District Court then sends a "Notice of Receipt of Appeal" to the parties to the appeal advising them of the civil case number assigned in the District Court.

2.      The bankruptcy appeal in the District Court is governed by the District Court Local Rules of Bankruptcy Appeal Procedure.  Please refer to these rules.

3.      When the statement of issues, designation of record and any designated transcripts are filed with the Bankruptcy Court, the Bankruptcy Court Clerk will transmit to the District Court a certificate that the record is complete.  The date of transmittal to the District Court constitutes the date of the entry of the appeal on the docket in District Court.

4.      The record is retained in the Bankruptcy Court.  Copies of the record are no longer required to be filed with the District Court.  Instead, the parties include copies from the record in their Excerpts of Record filed as appendix to their briefs.

1  FENNEMORE CRAIG, PC
   Gerald L. Shelley  (No. 010453)
2  Chris Gooch  (No. 019101)
   2394 E Camelback, Suite 600
3  Phoenix, Arizona  85016
   Telephone: (602) 916-5000
4  Fax: (602) 916-5639
   gshelley@fennemorelaw.com
5  aaustin@fennemorelaw.com

6  *Attorneys for Debtor*
   *Charles Michael Colburn*

7

8              IN THE UNITED STATES BANKRUPTCY COURT

9                 FOR THE DISTRICT OF ARIZONA

10

11 | In re | Chapter 7 |
12 | CHARLES MICHAEL COLBURN, | No. 2:21-BK-05407-MCW |
   | Debtor. | **NOTICE OF APPEAL OF MINUTE** |
13 | | **ENTRY ORDER DATED JULY 13, 2022** |
   | | **DENYING DEBTOR'S MOTION FOR** |
14 | | **RECONSIDERATION OF ORDER** |
   | | **GRANTING MOTION TO COMPEL** |
15 | | **REGARDING WAIVER OF FIFTH** |
   | | **AMENDMENT RIGHTS** |
16

17         Charles Michael Colburn, Debtor, pursuant to 28 U.S.C. § 158(a), appeals to the

18 United States District Court for the District of Arizona from the Bankruptcy Court's

19 Minute Entry Order at Docket 532 Denying Debtor's Motion for Reconsideration of

20 Order Granting Motion to Compel Regarding Waiver of Fifth Amendment Rights.  A

21 copy of the Minute Entry Order is attached as Exhibit A.

22         The parties to the Order appealed from, and the names, addresses and telephone

23 numbers of their respective attorneys are as follows:

24
                   Steven D. Jerome
25                 Snell & Wilmer
                   400 East Van Buren Street
26                 Phoenix, AZ 85004-2202
                   *Counsel for Medmen Enterprises, Inc.*
27                 (602) 382-6344

28

FENNEMORE CRAIG
ATTORNEYS AT LAW
PHOENIX

1107725/92197.040
27125102

1
2
3
4

David Reaves
Misty Weigle
2999 N. 44th Street, Suite 515
Phoenix, Arizona 85018
*Chapter 7 Trustee and Counsel*
(602) 241-0101

5
6
7

Elizabeth C. Amorosi
Attorney for US Trustee
230 N 1st Ave, Ste 204
Phoenix, Arizona 85003
(602) 682-2600

8

9    DATED this 26th day of July, 2022.

10                                              FENNEMORE CRAIG

11
12                                              By __*/s/ Gerald L. Shelley*_____
                                                   Gerald L. Shelley
13                                                 *Chris Gooch*
                                                   *Attorneys for Debtor*

14  COPY of the foregoing was served this
    26th day of July, 2022 via ECF notice on
15  all parties registered to receive notice via
    ECF and to the following via email:
16

17      Janel M. Glynn                          David M. Reaves
        The Burgess Law Group                   Misty M. Weigle
        janel@theburgesslawgroup.com            Reaves Law Group
18      *Attorneys for Debtor*                   *dreaves@reaves-law.com*
                                                 *mweigle@reaves-law.com*
19                                               *Trustee*

20      Elizabeth C. Amorosi                    Steven D. Jerome
        US Trustee                              Emily Gildar Wagner
21      Office of the US Trustee                James G. Florentine
        Elizabeth.c.amorosi@usdoj.gov           Snell & Wilmer, L.L.P.
22                                               sjerome@swlaw.com
                                                 ewagner@swlaw.com
23                                               jflorentine@swlaw.com
                                                 *Attorneys for MedMen Enterprises, Inc*
24

25

26  */s/ Gidget Kelsey*_____

27

28

FENNEMORE CRAIG
ATTORNEYS AT LAW
PHOENIX

1107725/92197.040

27125102



SO ORDERED.

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA



*Madeleine C. Wanslee, Bankruptcy Judge*

### Minute Entry — *Madeleine C. Wanslee*

**Hearing Information:**

| | | |
|---|---|---|
| **Debtor:** | CHARLES MICHAEL COLBURN | |
| **Case Number:** | 2:21-BK-05407-MCW | **Chapter:** 7 |
| **Date / Time / Room:** | THURSDAY, JULY 07, 2022 11:00 AM  7TH FLOOR #702 | |
| **Bankruptcy Judge:** | MADELEINE C. WANSLEE | |
| **Courtroom Clerk:** | TAYLER CARTER | |
| **Reporter / ECR:** | MICHELLE RADICKE-STEVENSON | |

**Matter:**

DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO COMPEL REGARDING WAIVER OF FIFTH AMENDMENT RIGHTS (as set in open Court on June 22, 2022)
R / M #:  498 / 0

**Appearances:**

DAVID M. REAVES, TRUSTE
GERALD L. SHELLEY, ATTORNEY FOR CHARLES MICHAEL COLBURN
STEVEN D. JEROME, ATTORNEY FOR MEDMEN ENTERPRISES, INC.
JAMES FLORENTINE, ATTORNEY FOR MEDMEN ENTERPRISES, INC.
SHELTON L. FREEMAN, ATTORNEY FOR KANNABOOST TECHNOLOGY, INC., CSI SOLUTIONS, LLC

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...  2:21-BK-05407-MCW          THURSDAY, JULY 07, 2022 11:00 AM

## _Proceedings:_

Mr. Shelley addresses the Court. The parties engaged in a productive meet and confer. He requests the Court to set a firm date for an evidentiary hearing on the motion to dismiss that the court denied without prejudice. He responds to the Court's questions. He received consent from his client to appear in Rule 30(b)(6) capacity on behalf of Unisys Technical Solutions, LLC.

COURT: GIVEN PREVIOUS CONTRADICTORY STATEMENTS MADE WITHOUT EVIDENTIARY SUPPORT, THE COURT PREVIOUSLY DETERMINED THAT BEFORE THE COURT WILL SET AN EVIDENTIARY HEARING, DEBTOR MUST PRODUCE ADMISSIBLE CORROBORATING EVIDENCE.

Mr. Shelley is working to retrieve evidence from a separate source to allow the Court to set an evidentiary hearing on the Debtor's motion to dismiss. He reviews the Court's order at docket #448. He responds to the Court's questions. He states his position. Mr. Colburn's Fifth Amendment Rights were not waived by cause of counsel's error. He understands Mr. Colburn has not paid MedMen Enterprises, Inc.'s fees and costs that the Court accessed. He will communicate with his client regarding the Courts offer of an in-camera review.

Mr. Jerome states his position. The Court did not rule that, for all purposes, Mr. Colburn waived his Fifth Amendment Rights. There is no legal authority holding that an attorney failing to respond to a motion is a significant change in fact or law. Debtor's counsel has not met his burden to establish under Rule 60(b)(5) or Rule 60(b)(6) an entitlement to relief. He questions who reviewed the documents when discovery responses were made and argued that the assertions of the Fifth Amendment privilege to the document production were inappropriate.

Mr. Freeman has nothing to add.

COURT: THE COURT PLACES ITS FINDINGS AND CONCLUSIONS ON THE RECORD. THE MOTION WAS TIMELY FILED FOR PART OF THE RELIEF REQUESTED. THE COURT DID NOT RULE THAT THE DEBTOR WAIVED HIS FIFTH AMENDMENT PRIVILEGE BASED ON FAILURE TO RESPOND TO MEDMEN ENTERPRISES INC.'S MOTION TO COMPEL. DEBTOR'S MOTION FOR RECONSIDERATION FAILS TO ESTABLISH THAT DEBTOR AND HIS ATTORNEYS DID NOT HAVE PROPER NOTICE OF THE MOTION OR THE HEARING. THE RELIEF SOUGHT UNDER RULE 9023 IS UNTIMELY AND CANNOT BE CONSIDERED BY THE COURT. THE PORTION OF THE MOTION SEEKING RELIEF UNDER RULE 9024 WAS TIMELY FILED. HOWEVER, THE DEBTOR FAILED TO MEET HIS BURDEN UNDER RULE 60(b)(1). DEBTOR FAILED TO PROVIDE ANY SUBSTANTIVE OR NEW INFORMATION THAT WOULD ALTER THE CONSIDERATION, OR THE RESULT ARRIVED AT BY THE COURT.

TO INVOKE THE PRIVILEGE, THE DEBTOR MUST FEAR INCRIMINATION. THESE FEARS CANNOT BE SPECULATIVE. THE COURT REITERATES THE DEBTOR'S RIGHTS CAN BE PROTECTED BY SUBMITTING HIS DOCUMENTS FOR IN-CAMERA REVIEW. MR. COLBURN HAS FAILED AND REFUSED TO AVAIL HIMSELF OF THAT MECHANISM. IT APPEARS TO THE COURT THAT THE MOTION FOR RECONSIDERATION WAS FILED FOR AN IMPROPER PURPOSE AND WAS POSSIBLY IN BAD FAITH. IT IS ORDERED DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO COMPEL REGARDING WAIVER OF FIFTH AMENDMENT RIGHTS

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
## Minute Entry

(continue)... 2:21-BK-05407-MCW          THURSDAY, JULY 07, 2022 11:00 AM

Mr. Jerome comments that the proposed by Debtor's counsel for a stipulated order regarding Mr. Colburn appearing as a Rule 30(b)(6) representative for Unisys Technical Solutions, LLC is a delay tactic.

COURT: THE COURT'S PREVIOUS ORDER DIRECTED THAT THE DEBTOR SHALL PRODUCE ALL DOCUMENTS RESPONSIVE TO THE ORDER WITHIN FIVE BUSINESS DAYS OF ENTRY OF THE ORDER. IT IS ORDERED ESTABLISHING **THURSDAY, JULY 14, 2022 NO LATER THAN 10:00 AM** AS THE DATE CERTAIN FOR MR. COLBURN TO PRODUCE TO MEDMEN ENTERPRISES, INC. ALL DOCUMENTS RESPONSIVE TO THE 2004 EXAM ORDER. THE RULE 2004 EXAMINATION WILL BE ON A MUTUALLY AGREEABLE DATE OR UPON SEVEN DAYS' NOTICE. OTHERWISE, MR. JEROME CAN PROPOSE DATES TO THE COURT.

THE COURT NOTES IT MAY BE REQUIRED TO PRESIDE OVER A RULE 2004 EXAMINATION TO CONSIDER ASSERTIONS OF THE FIFTH AMENDMENT PRIVILEGE. COUNSEL MAY CONTACT COURTROOM DEPUTY TAYLER CARTER FOR PURPOSES OF DETERMINING THE COURT'S AVAILABILITY.

Mr. Reaves comments the Debtor needs to provide documents to move forward with an evidentiary hearing. He discusses adversary 2:22-ap-00110. The insurer made a claim and will retain counsel. The defendants have until August 01, 2022 to provide an answer to the complaint.

Case 2:21-bk-05407-MCW   Doc 532   Filed 07/13/22   Entered 07/14/22 07:42:01   Desc
Main Document   Page 3 of 3
Page 3 of 3                                                                07/11/2022 5:57:50PM

Case 2:21-bk-05407-MCW   Doc 553   Filed 07/26/22   Entered 07/26/22 13:36:24   Desc
Main Document   Page 6 of 6